ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 10 2022

CLERK U.S. DISTRICT COURT
By: _____
         Deputy

UNITED STATES OF AMERICA

v.

JESUS IBARRA-ALVAREZ (01)

No. 4:22-CR-174-Y

## FACTUAL RESUME

SUPERSEDING INFORMATION:   Count One: Conspiracy to Possess with Intent to Distribute a Controlled Substance (methamphetamine) (in violation of 21 U.S.C. § 846, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B))

PENALTY: $5,000,000 fine – not less than 5 years imprisonment and not more than 40 years imprisonment, or both such fine and imprisonment, plus a term of supervised release of not less than 4 years.

MAXIMUM PENALTY:

$5,000,000 fine and not less than five (5) years nor more than forty (40) years imprisonment, plus a term of supervised release of not less than 4 years. If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement. Further the Court must impose a Mandatory Special Assessment of $100.00.

ELEMENTS OF THE OFFENSE:

The essential elements which must be proved beyond a reasonable doubt in order to establish the offenses charged in Count One of the Superseding Information are as follows:

First:   That two or more persons, directly or indirectly, reached an agreement to distribute or possess with intent to distribute a controlled substance, as charged in the information;

Second:   That the defendant knew of the unlawful purpose of the agreement;

Third: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

Fourth: That the overall scope of the conspiracy involved at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance; and

Fifth: That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

STIPULATED FACTS:

In February 2022, a DEA CS bought approximately one kilogram of methamphetamine from Jesus Ibarra-Alvarez; this drug deal was brokered and all the particulars of the deal were negotiated by and through Alexis Rosales. Ultimately, Rosales gave Ibarra-Alvarez's cellphone number to the DEA CS, after which time the DEA CS began negotiating for a bigger drug for a later date directly with Ibarra-Alvarez. And on May 10, 2022, Jesus Ibarra-Alvarez and David Ochoa, Jr., delivered approximately twenty kilograms of methamphetamine to the DEA CS after which time they were both arrested. David Ochoa, Jr., had a pistol and was acting as security for the drug deal. Alexis Rosales had negotiated for a commission from this drug sale, but he was not present during the actual drug deal. Subsequently, the DEA CS began negotiating with Alexis Rosales for another delivery of approximately ten kilograms of methamphetamine. And several days later, Alexis Rosales delivered approximately ten kilograms of methamphetamine to the DEA CS after which time he was arrested. In this manner, Jesus Ibarra-Alvarez, Alexis Rosales, and David Ochoa, Jr., conspired with each other and others to possess more than 50 grams of methamphetamine with the intent to distribute it.

SIGNED this 21st day of June, 2022.

_____  
JESUS IBARRA-ALVAREZ  
Defendant

_____  
COLLEEN DUNBAR  
Counsel for Defendant